### INGRI v. STAR CO.

(Supreme Court, Appellate Division, First Department.   November 19, 1909.)

DISMISSAL AND NONSUIT (§ 60*)—FAILURE TO PROSECUTE—UNREASONABLE DELAY.

Where defendant, in an action for libel, moved to dismiss for want of prosecution, and established its prima facie case, by showing that junior issues had been tried, and plaintiff failed to satisfactorily explain her extraordinary delay of seven years in bringing the action to trial, the motion should have been granted.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140, 141; Dec. Dig. § 60.*]

Appeal from Special Term, New York County.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Maria Passantina Ingri against the Star Company. From an order denying a motion to dismiss the complaint for want of prosecution, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

Clarence J. Shearn (M. De Witt, of counsel), for appellant.

Stephen M. Hoye (Joseph K. Field, of counsel), for respondent.

PER CURIAM. This is an action for libel published January 27, 1902. Issue was joined on July 2, 1902. The case was noticed for trial for the October term, 1902. Plaintiff failed to file a note of issue, as required, upon the making up of a new calendar in September, 1904, and the case was therefore dropped from the calendar. It was restored April 4, 1905. On March 22, 1907, the case appeared upon the call calendar, and upon plaintiff's failure to answer and have the same set down for trial it was marked off and dropped from the calendar. Plaintiff procured an order restoring it to the calendar on March 20, 1909.

Defendant thereafter made a motion to dismiss for want of prosecution, and upon showing that junior issues had been tried established its prima facie case. Plaintiff was then called upon to satisfactorily explain her extraordinary delay of seven years in bringing this action for an alleged libel to trial. This she has not done, and the motion to dismiss should have been granted.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

